An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

BRIAN EUGENE LEPLEY,
Appellant,
vs.
ROBERT LEGRAND, WARDEN,
Respondent.

No. 62515

**FILED**

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1]  Eighth Judicial District Court, Clark County; Susan Scann, Judge.

On June 23, 2011, appellant filed a proper person post-conviction petition for a writ of habeas corpus in the district court challenging a prison disciplinary hearing, which resulted in a finding of guilt of MJ30, and the forfeiture of statutory good-time credit.[2]  Appellant

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]To the extent that appellant challenged his placement in disciplinary segregation, restitution, classification, prison transfer, access to the law library, the grievance system, the conduct of the Office of the Inspector General, alleged retaliatory practices, medical care, or the conditions of his cell, appellant's challenges were not cognizable in a petition for a writ of habeas corpus. *See Bowen v. Warden*, 100 Nev. 489, 686 P.2d 250 (1984); *see also Sandin v. Conner*, 515 U.S. 472, 486 (1995) (holding that liberty interest protected by the Due Process Clause will generally be limited to freedom from restraint which imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21648

failed to demonstrate a violation of due process because he received: (1) advance written notice of the charges; (2) written statement by the fact finders of the evidence relied upon and the reasons for disciplinary action; and (3) an opportunity to present witnesses and evidence. *Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). Confrontation and cross-examination in prison disciplinary proceedings are not required because these procedures present "greater hazards to institutional interests." *Id.* at 567-68. Some evidence supports the decision by the prison disciplinary hearing officer, *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), and therefore, appellant failed to demonstrate that he was entitled to relief. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc: Hon. Susan Scann, District Judge
Brian Eugene Lepley
Attorney General/Las Vegas
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A